PEARCE and others vs. THE CITY OF MILWAUKEE.

Where a city was by its charter made liable to any lot owner for injuries to his lot caused by any alteration in the established grade of any street, *Held*, in an action for injuries to plaintiff's lots alleged to have been caused by such a change of the grade of the adjoining street, that the liability of the city was not affected by the fact that the work required to reduce the street in front of such lots to the altered grade was done by the plaintiff himself, it having been done in obedience to an order duly made by the street commissioners of the proper ward.

APPEAL from the Circuit Court for *Milwaukee* County.

Section 18, ch. x, of the charter of the *City of Milwaukee* (Laws of 1852, ch. 56) provides as follows: "The common council shall cause to be established, under the direction of the city surveyor, the grade of all streets, sidewalks and alleys in said city, and shall cause accurate profiles thereof to be made,

one of which shall be filed in the office of the register of deeds of Milwaukee county; and should the grade so established be at any time thereafter altered, all damages, costs and charges arising therefrom shall be paid by the city to the owner of any lot or parcel of land, or tenement, which may be affected or injured in consequence of the alteration of such grade."

This action was brought by *Mary Pearce*, widow of William Pearce, deceased, in her own behalf, and by several minor children of said William, who appeared by said *Mary* as their guardian *ad litem*, to recover for injuries alleged to have resulted to certain lots in the city of Milwaukee, and to the buildings thereon, in consequence of a change made by the common council in the grade of the street fronting said lots. The complaint alleges in substance, that said minor heirs had been for the eight years then last past, the owners in fee of said lots, and that the plaintiff *Mary* had had, during the same time, a dower interest therein; that prior to the passage of the ordinance hereinafter mentioned, plaintiffs had valuable buildings and improvements upon said lots; that by an ordinance published April 14, 1853, the common council of said city determined and permanently established the grade of the street fronting said lots; that in compliance with said ordinance and with the orders of the defendant and its officers, the plaintiffs, during 1853 and 1854, caused the street in front of their lots to be excavated to said established grade; that on the 28th of December, 1854, the common council passed an ordinance by which it so altered and fixed the grade of said street in front of the plaintiffs' lots, as to require it to be excavated five feet below the grade previously established; that afterwards the plaintiffs were duly ordered by the street commissioners of the ward in which the lots were situate, to grade and excavate said street in front of their lots in conformity with the last mentioned ordinance; and that the plaintiffs, in pursuance of and obedience to said order and not otherwise, did thereafter cause said street to be so graded, using every precaution to

avoid injury to said lots and the improvements thereon; that in consequence of such change of grade and the excavation of said street as required thereby, the said lots have been greatly injured in certain ways particularly specified, to the damage of the plaintiffs $5,000, for which judgment is demanded.

A demurrer to the complaint, as not stating a cause of action, was overruled, and the defendant appealed.

*Jas. G. Jenkins*, for appellant:

In this case all that was done by the city, or its officers, was the passage of the ordinance and the making of the order. These acts are embraced in the legislative and judicial duties of a municipal corporation and its officers, and no action will lie for their non-performance or the manner of their performance. *Wilson v. The Mayor*, 1 Denio, 595; *Cole v. Medina*, 27 Barb., 218; *Fowle v. Alexandria*, 3 Peters, 409; *Kavanagh v. Brooklyn*, 38 Barb., 232. The functions of a common council, as applied to this subject, are those of a local legislature, and are not of a character to render the city responsible for. the manner in which the authority is exercised. *Hutson v. The Mayor*, 5 Sandf., 289; *Griffin v. The Mayor*, 5 Seld., 456; *Weightman v. Washington*, 1 Black, 49. The city cannot be held responsible for the passage of the ordinance, or the making of the order. It might never have enforced the ordinance, and no damage would have resulted. If in any event it could be liable, it would be for the actual excavation of the street; but that it never did. *That was done by the respondents themselves*, and is the highest evidence of their acquiescence in and desire for the change of grade adopted. If they would hold the appellant responsible, they should have allowed the city to proceed at its peril.

*Levi Hubbell*, for respondent.

*By the Court,* DIXON, C. J. The only question in this case is, whether the plaintiffs waived their right to damages against the city by doing the grading themselves in respect of which

the damages are claimed. The plaintiffs owned and occupied the lots in front of which the grading was to be done. The ordinance altering the grade had been passed, and the order requiring the plaintiffs to do it in conformity to the ordinance had been made and published. It was an order which the street commissioners were authorized to make. Charter, ch. VII, sec. 6, Laws of 1852, ch. 56. The performance of the work, under these circumstances, was the performance of a duty imposed by the charter ; and how can such performance be regarded as an abandonment of the claim of the parties to damages ? The work was done, not voluntarily, but by compulsion. The city authorities cannot pass ordinances and make orders directing acts to be done, and, when they are done, avoid responsibility for their performance by averring that the ordinances and orders had no influence. The complaint, therefore, states a good cause of action, and the demurrer was properly overruled.

Order affirmed.